# IN THE COURT OF APPEALS OF IOWA

No. 17-2013
Filed February 21, 2018

**IN THE INTEREST OF K.M.,**
**Minor Child,**

**L.M., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.

A mother appeals from the termination of her parental rights to her child.

**AFFIRMED.**

Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Jack E. Dusthimer, Davenport, guardian ad litem for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

A mother appeals from the termination of her parental rights to her child, K.M., pursuant to Iowa Code section 232.116(1)(d), (h), and (*l*) (2017). The mother does not contest the grounds for termination but contends termination is not in the child's best interests. The mother also seeks additional time for reunification with K.M. Due to the mother's inability to maintain sobriety and to parent K.M. consistently, we conclude it is in K.M.'s best interests to terminate the mother's parental rights. On our de novo review, *see In re A.M.,* 843 N.W.2d 100, 110 (Iowa 2014), we affirm.

K.M. was born in October 2016 and tested positive for cocaine at birth. K.M. was removed from the mother's care shortly thereafter due to the mother's substance abuse. The mother successfully participated in substance-abuse treatment, and K.M. was returned to the mother's care in February 2017. However, K.M. was again removed from the mother's care on July 25, 2017, when the mother had relapsed, was caught using illegal substances, and then disappeared and left K.M. in another person's care for a number of days. After K.M.'s removal in July 2017, the mother did not stay in contact with K.M. or with service providers. The mother stopped participating in substance-abuse and mental-health treatment. At the time of the termination hearing on November 2 and 21, 2017, the mother stated she had used illegal substances two days prior. As to the mother's testimony, the district court wrote:

> [The mother]'s testimony was brutally honest. She truly loves [K.M.] but is powerless over her addiction. She desires to get sober. She desires to get back into substance abuse treatment and mental health treatment, start attending AA/NA, and Family Wellness Court. She desires to resume visitation with [K.M.] and

regain custody. But [the mother] has done none of those things and [K.M.] has been waiting four months for her to start. [The mother] says she can do these things but she hasn't shown she can do these things since July of this year.

In its November 27, 2017 order, the court terminated the mother's parental rights to K.M. pursuant to Iowa Code sections 232.116(1)(d), (h), (l) and 232.117. Upon consideration of section 232.116(2), the court further concluded:

[T]ermination of parental rights is in the best interest of [K.M.] The guardian ad litem recommends termination of parental rights. [K.M.] is young and unable to fend for herself. She needs at least one parent who will be able to care for her around the clock. The parent must be responsible for helping her develop to her full potential by engaging her in activities that stimulate her growth and development[]. The parent must be able to provide a consistently healthy living environment for [K.M.] And, most importantly keep [K.M.] safe from physical abuse and neglect. . . . Her mother when sober has all the attributes of an excellent mother but she is not currently able to attain long-term sobriety despite the desire to do so. [K.M.] shouldn't be made to wait any longer for her mother to take action to . . . permanently manage her addiction and mental health.

On appeal, the mother does not challenge the grounds for termination but maintains termination of her parental rights is not in K.M.'s best interests and requests additional time to seek reunification with K.M.

At the time of the termination hearing, the mother was not engaging in substance-abuse or mental-health treatment,[1] was not participating with the offerings of the department human of services, and did not have stable housing or employment. "It is well-settled law that we cannot deprive a child of

---

[1] The mother stated at the termination hearing on November 21 that she planned to get back into substance-abuse treatment but had let her medical insurance lapse and was in the process of obtaining insurance to pay for her treatment. She explained she was told it would take about thirty to forty-five days before she was insured again. The mother also stated she was not currently attending Alcoholics Anonymous or Narcotics Anonymous meetings.

permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). K.M. is placed in family foster care and is doing well. Upon consideration of K.M.'s "safety, . . . the best placement for furthering the long-term nurturing and growth of [K.M.], and . . . the physical, mental, and emotional condition and needs of [K.M.]," we find termination of the mother's parental rights is in K.M.'s best interests. *See* Iowa Code § 232.116(2).

The mother also requests additional time to seek reunification with K.M. However, at the termination hearing the mother admitted she was still using illegal substances. The mother has not shown any progress in addressing her substance-abuse issues, and we cannot conclude the mother will have addressed the issues and be in a position to parent K.M. safely if given an additional six months. *See id.* § 232.104(2)(b). We affirm the termination of the mother's parental rights to K.M.

**AFFIRMED.**